UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ANTHONY GOMEZ,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 13-CR-20426
CIVIL CASE NO. 15-CV-13649

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 26)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART.**

**II.   REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington (Doc. 29), is the above-entitled motion filed pursuant to 28 U.S.C. § 2255 to vacate Petitioner Michael Gomez's ("Gomez") federal custodial sentence. (Doc. 26.) Respondent submitted a response (Doc. 31) in which the government agreed that Petitioner asserted one ground that is meritorious and for which he should be resentenced, arguing also that the remaining grounds

asserted do not provide any basis for relief. I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.	Background**

Gomez was charged in a one-count indictment with felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 924(e). (Doc. 11.) The indictment states that Gomez was previously convicted, in the 10th Judicial Circuit Court, in Saginaw, Michigan, of the following felony crimes, all punishable by a term of imprisonment exceeding one year: (1) carrying a concealed weapon with unlawful intent on November 18, 1993; possession with intent to deliver marijuana, delivery of narcotics-cocaine under 50 grams, felony firearm and felon in possession of a firearm on May 22, 2001; and of delivery of narcotics-cocaine under 50 grams on October 24, 2008. (Doc. 11 at ID 22-23.)

On August 29, 2013, Gomez pleaded guilty to the sole charge in the indictment pursuant to a Rule 11 plea agreement. (Doc. 18.) As part of the plea agreement, Gomez stipulated that his prior felony conviction for carrying a concealed weapon with unlawful intent on November 18, 1993, was a "violent felony" under 18 U.S.C. § 924(e). Gomez also stipulated to the previous felony convictions described above and thus, stipulated that he is an armed career criminal as defined in U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.4 and is subject to the mandatory minimum penalty of 15 years pursuant to 18 U.S.C. § 924(e). (Doc. 18 at ID 48.) The plea agreement also contained an appeal and post-conviction proceeding, i.e., proceeding under 28 U.S.C. § 2255, waiver which would operate as long as the sentence imposed did not exceed the maximum allowed by the agreement. Gomez was sentenced to 200 months incarceration on

December 13, 2013. (Doc. 25.) Gomez did not appeal and he filed the instant motion on October 13, 2015. (Doc. 26.)

Gomez raises three grounds for relief in his 2255 motion: (1) his due process rights were violated because he is not an armed career criminal; (2) actual innocence of the armed career criminal designation; and (3) ineffective assistance of counsel for failure to argue the conclusion reached in *United States v. Johnson*, 135 S. Ct. 1551 (2015). (Doc. 26.) In its response, the government concedes that Gomez is correct as to the first ground raised. (Doc. 31.) However, the government argues that the remaining grounds are not meritorious. (*Id.*)

**C.    Governing Law**

In order to prevail on a motion brought under 42 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

**D.     Analysis**

It should be noted at the outset that although the instant motion would otherwise be considered untimely, under 28 U.S.C. § 2255(f), because Gomez has asserted a newly recognized right made retroactively applicable on collateral review, the date the new right was recognized governs the triggering of the one year limitation period. Since the *Johnson* case discussed below was decided on June 26, 2015, Gomez's motion fits squarely within one year of that decision.

In harmony with the Armed Career Criminal Act ("ACCA") provision in 18 U.S.C. § 924(e)(2)(B), the sentencing guidelines provide that a defendant is considered an armed career criminal

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The ACCA defines a crime of violence as a felony that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(I) and (ii). It is the last phrase of subpart (B)(ii) that begins with "otherwise involves" which is described as the residual clause.

5

The United States Supreme Court has held that "the phrase 'physical force' means *violent force* – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). A "controlled substance offense" is one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [] or the possession of a controlled substance [] with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). "Two prior felony convictions" means that a defendant "committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" as defined above. U.S.S.G. § 4B1.2©.

In *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the Supreme Court adopted a categorical approach for determining whether a defendant is subject to an enhanced penalty under the ACCA. Under the categorical approach, courts should generally consider only the fact of conviction and the statutory definition of the prior offense and should not consider the particular facts underlying the conviction when determining whether a defendant has committed a violent felony. *Id.* at 600-01. Where "the state statute defines the crime more broadly than the generic offense, however, a modified categorical approach applies . . . [whereby] the court may look beyond the statute and the fact of conviction to the indictment or information and jury instructions . . . [but] the court still may not consider the details of the defendant's crime." *United States v. Soto-Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010).

In *United States v. Johnson*, 135 S. Ct. 1551 (2015), the court held that imposing an increased sentence under the residual clause of the ACCA violated due process because the residual clause was unconstitutionally vague. The Court found that use of the residual clause

6

required a court to picture the kind of conduct that a crime involves in the ordinary case and then determine whether that abstraction presented a serious potential risk of injury.

As noted by the government, Gomez was considered an armed career offender based on his two prior convictions for delivery of cocaine, i.e., serious drug offenses, and his single conviction for carrying a dangerous weapon with unlawful intent which was considered to qualify as a violent offense under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) at the time of sentencing. (Doc. 31 at ID 136.) Since the residual clause has been struck down as void for vagueness, Gomez could only be viewed as having two predicate felonies rather than three and he thus cannot be considered an armed career criminal under current law. For this reason, I recommend that Gomez's motion to vacate be granted and that he be resentenced without the penalties borne of being considered an armed career criminal.

As to Gomez's ground that he is actually innocent of the designation, I suggest that this ground is moot based on the above analysis. Finally, as to the ground that his lawyer was ineffective for failing to make arguments that correspond to the conclusions reached by the Court in *Johnson*, I suggest that this claim lacks merit. As noted by the government, prior to *Johnson*, the U.S. Supreme Court held that the residual clause was not unconstitutionally vague. *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210, n.6. (2007). Counsel is not ineffective for failing to predict a change in the law, especially where precedent from the U.S. Supreme Court would appear to render such argument futile. *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007) (counsel not ineffective for failing to argue for and anticipate ruling in *Booker* after *Apprendi* was decided); *Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (en banc) (counsel not ineffective for failing to anticipate and raise

*Apprendi* challenge or seek reconsideration at appellate level in light of *Blakely*). I therefore suggest that Gomez's other grounds lack merit and that the motion should be denied as to these grounds.

### E. Conclusion

For the reasons stated above, I suggest that Gomez's motion be granted with respect to his allegation that he should not have been sentenced as an armed career criminal, but that the motion be denied on all other grounds.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 23, 2016                          S/ Patricia T. Morris
                                              Patricia T. Morris
                                              United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Michael Anthony Gomez 48479039 at Milan FCI, P.O. Box 1000, Milan, MI 48160.

Date: March 23, 2016                          By s/Kristen Krawczyk
                                               Case Manager to Magistrate Judge Morris